# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## NORTHERN DIVISION

| | |
|---|---|
| **KENNETH L. PORTER,**<br><br>Plaintiff,<br><br>v.<br><br>**MICHAEL J. ASTRUE,**<br>**Commissioner of Social Security,**<br><br>Defendant. | **MEMORANDUM DECISION**<br>**AND ORDER**<br><br>Case No. 1:09-cv-0067-PMW<br><br><br><br>**Magistrate Judge Paul M. Warner** |

Before the court is Kenneth L. Porter's ("Plaintiff") appeal of Michael J. Astrue's ("Commissioner") final decision denying Plaintiff's claims for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, *see* 42 U.S.C. §§ 401-434, and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, *see id*. §§ 1381-1383f. After careful consideration of the written briefs and the complete record, the court has determined that oral argument is unnecessary in this case.

## BACKGROUND

In December 2006, Plaintiff applied for DIB and SSI, alleging disability beginning on October 1, 2005.[1] Plaintiff's application was denied initially and upon reconsideration.[2] In May

---

[1] *See* docket no. 13, Administrative Record ("Tr. ____") 118, 127.

[2] *See* Tr. 70-73.

2007, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"),[3] and that hearing was held on June 16, 2008.[4] On October 17, 2008, the ALJ issued a written decision denying Plaintiff's claims.[5] In March 2009, the Appeals Council denied Plaintiff's request for review,[6] making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 404.981, 416.1481.

On May 13, 2009, Plaintiff filed his complaint in this case, which was assigned to District Judge Clark Waddoups.[7] After receiving an extension of time to respond to Plaintiff's complaint,[8] the Commissioner filed his answer on September 10, 2009.[9] The same day, the court received the Administrative Record.[10]

On November 5, 2009, Judge Waddoups referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[11] Thereafter, in response to a court order,[12] both

---

[3] *See* Tr. 81.

[4] *See* Tr. 20-69.

[5] *See* Tr. 5-19.

[6] *See* Tr. 1-3.

[7] *See* docket no. 3.

[8] *See* docket nos. 7-8.

[9] *See* docket no. 10.

[10] *See* docket no. 13.

[11] *See* docket no. 15.

[12] *See* docket no. 16.

parties consented to having a United States Magistrate Judge conduct all proceedings in the case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[13] Consequently, the case was reassigned to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(c) and rule 73 of the Federal Rules of Civil Procedure.[14]

On November 20, 2009, Plaintiff filed his opening brief.[15] The Commissioner filed his responsive brief on December 11, 2009.[16] Plaintiff filed his reply brief on January 14, 2010.[17]

## **STANDARD OF REVIEW**

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted). The Commissioner's findings, "if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations and citation omitted). "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th

---

[13] *See* docket nos. 18, 20.

[14] *See id*.

[15] *See* docket no. 17.

[16] *See* docket no. 19.

[17] *See* docket no. 21.

Cir. 2006) (quotations and citation omitted). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted).

A five-step evaluation process has been established for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process). If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.

*Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see* 20 C.F.R. §§ 404.1520(a)(4)(i)-(ii), 416.920(a)(4)(i)-(ii).

"Step three determines whether the impairment is equivalent to one of a number of listed impairments that . . . are so severe as to preclude substantial gainful activity . . . . If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . ." *Williams*, 844 F.2d at 751

4

(quotations and citations omitted); *see* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). At the fourth step, the claimant must show that the impairment prevents performance of his "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). "If the claimant is able to perform his previous work, he is not disabled." *Williams*, 844 F.2d at 751. If, however, the claimant is not able to perform his previous work, he "has met his burden of proof, establishing a prima facie case of disability." *Id*.

At this point, "[t]he evaluation process . . . proceeds to the fifth and final step." *Id*. At this step, the burden of proof shifts to the Commissioner, and the decision maker must determine "whether the claimant has the residual functional capacity [("RFC")] . . . to perform other work in the national economy in view of his age, education, and work experience." *Id*.; *see* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If it is determined that the claimant "can make an adjustment to other work," 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), he is not disabled. If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), he is disabled and entitled to benefits.

## **ANALYSIS**

In support of his claim that the Commissioner's decision should be reversed, Plaintiff argues that the ALJ erred: (1) by determining that Plaintiff's methamphetamine use was a contributing factor material to his disability determination; (2) by improperly rejecting the opinions of Plaintiff's treating sources; (3) by improperly rejecting the testimony of Plaintiff's

mother; and (4) at step five of the sequential evaluation process by providing the vocational expert ("VE") with an incomplete hypothetical.[18]  The court will address those arguments in turn.

## I.  Methamphetamine Use

Under the relevant statutory provisions governing both DIB and SSI, an "individual shall not be considered to be disabled . . . if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled."  42 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(J).  The claimant bears the burden of proving that his or her alcohol or drug use is not a contributing factor material to the determination of disability.  *See, e.g.*, *Parra v. Astrue*, 481 F.3d 742, 748 (9th Cir. 2007); *Doughty v. Apfel*, 245 F.3d 1274, 1280 (11th Cir. 2001); *Pettit v Apfel*, 218 F.3d 901, 903 (8th Cir. 2000); *Brown v. Apfel*, 192 F.3d 492, 498 (5th Cir. 1999).

Under the relevant regulations, the key factor an ALJ must examine in making this inquiry is whether the claimant would still be disabled if he or she stopped using drugs or alcohol.  *See* 20 C.F.R. §§ 404.1535(b)(1), 416.935(b)(1).  In making that determination, the ALJ must evaluate which of the claimant's physical and mental limitations would remain if he or she stopped using drugs or alcohol.  *See* 20 C.F.R. §§ 404.1535(b)(2), 416.935(b)(2).  The ALJ will then determine whether any or all of the claimant's remaining limitations would be disabling.  *See* 20 C.F.R. §§ 404.1535(b)(2), 416.935(b)(2).  If the ALJ determines that the claimant's

---

[18]  In his responsive brief, the Commissioner raises the additional argument that Plaintiff has improperly relied on certain evidence that did not exist at the time of the ALJ's decision.  Because that evidence has no bearing on the court's decision, the court has determined that it is unnecessary address the Commissioner's argument.

remaining limitations are not disabling, the claimant's drug addiction or alcoholism will be a contributing factor material to the determination of the claimant's disability, *see* 20 C.F.R. §§ 404.1535(b)(2)(i), 416.935(b)(2)(i), and the claimant will not be found disabled for purposes of either DIB or SSI. *See* 42 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(J).

In addition to the relevant statutes and regulations, the Commissioner has issued Emergency Message 96200 ("EM-96200"), which is a question-and-answer teletype explaining how to implement the above-referenced provisions. *See Salazar v. Barnhart*, 468 F.3d 615, 623 (10th Cir. 2006) (discussing EM-96200). Among other issues, EM-96200 addresses the situation where a claimant has other impairments in addition to those caused by drugs or alcohol. In those situations, EM-96200 "stresses the need for careful examination of periods of abstinence," *id.*, and explains that those periods provide the most useful evidence in reaching a conclusion about whether the drug or alcohol use is a contributing factor material to the claimant's disability determination. *See* EM-96200, question 29. At the same time, EM-96200 indicates that in situations where there is no evidence or documentation of periods of abstinence, that does not mandate a finding that drug or alcohol use is not a contributing factor material to the claimant's disability determination. *See id*. at question 32. In the absence of periods of abstinence, a medical or psychological consultant can rely on evidence about the claimant's other impairments to project what limitations would remain if the claimant stopped using drugs or alcohol. *See id*.

In this case, the ALJ concluded that Plaintiff's methamphetamine use was a contributing factor material to Plaintiff's disability determination. Plaintiff argues that the ALJ erred in reaching that conclusion. The court disagrees.

Plaintiff points to several portions of the record relied upon by the ALJ and presents arguments about their evidentiary weight. In essence, Plaintiff argues that those portions of the record fail to show that his limitations were greatly diminished or eliminated during his short periods of abstinence. Those arguments fail. Plaintiff's arguments about the weight of the evidence are futile because it is not this court's role to reweigh the evidence before the ALJ. *See Madrid*, 447 F.3d at 790. Indeed, it is the ALJ's role is to weigh and resolve evidentiary conflicts and inconsistencies. *See, e.g.*, *Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000); *Eggleston v. Bowen*, 851 F.2d 1244, 1247 (10th Cir. 1988). In addition, as noted by the Commissioner, to the extent Plaintiff argues that he must be found disabled unless his symptoms were completely eliminated by abstinence and treatment, he is mistaken about the definition of disability for purposes of DIB and SSI. The mere existence of limitations or symptoms does not automatically render a person disabled; instead, the limitations or symptoms must be so severe as to preclude employment. In this case, the ALJ determined that Plaintiff would still have severe mental impairments if he stopped using methamphetamine but that those remaining impairments did not meet or equal any listed impairment and would not preclude Plaintiff from all work.

Plaintiff also asserts that the ALJ failed to comply with the guidance from EM-96200. The court disagrees. Consistent with EM-96200, the ALJ focused on Plaintiff's short and few periods of abstinence in considering whether Plaintiff's methamphetamine use was a contributing factor material to his disability determination,[19] and there is substantial evidence in the record

---

[19] *See* Tr. 13-15.

indicating that Plaintiff's impairments significantly improved when he was not using methamphetamine and taking prescribed medications.[20] Furthermore, the record contains the opinion of Dr. Maximo J. Callao, who reviewed the medical records and opined that Plaintiff would be capable of a wide range of work activity if he abstained from substance abuse and complied with treatment.[21] Accordingly, Plaintiff is incorrect in his assertion that the record is devoid of any medical or psychological projection concerning his limitation if he stopped using methamphetamine.

For these reasons, the court concludes that the ALJ did not err by concluding that Plaintiff's methamphetamine use was a contributing factor material to Plaintiff's disability determination.

## II. Treating Source Opinions

Plaintiff argues that the ALJ failed to properly evaluate the opinions of several of Plaintiff's treating sources. However, as noted by the Commissioner, Plaintiff does not identify which specific opinions are the subject of his argument; instead, Plaintiff merely identifies several treating sources by name. Plaintiff then makes the general argument that the ALJ's decision cannot be supported by substantial evidence because he afforded little weight to the opinions of those treating sources. That argument fails.

---

[20] *See* Tr. 197-99, 247, 251, 369, 373, 382-83.

[21] *See* Tr. 316.

The record contains a great deal of evidence indicating that during the period at issue, Plaintiff used methamphetamine regularly.[22] The record also shows that despite Plaintiff's claims of abstinence, he was not a reliable source of information about his methamphetamine use because he minimized it or denied it when test results proved otherwise.[23] Accordingly, the great majority of the treating source opinions that Plaintiff references concerned Plaintiff's treatment while he was using methamphetamine. The ALJ's decision demonstrates that his assessment of those opinions was directed to the weight they should be given concerning Plaintiff's impairments and limitations that would remain if he were to stop using methamphetamine. To the extent those opinions discussed Plaintiff's condition when he abstained from methamphetamine use, the ALJ considered them, as indicated in the previous section of this decision. Otherwise, the ALJ specifically noted that he was giving those opinions little weight because, in addition to several other reasons, they did not discuss the impact of Plaintiff's methamphetamine on any proposed limitations. Furthermore, the ALJ's decision demonstrates that he considered proper factors in weighing those opinions. *See Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004); *see also* 20 C.F.R. §§ 404.1527(d), 416.927(d).

For these reasons, the court concludes that the ALJ did not err in his evaluation of Plaintiff's treating source opinions.

---

[22] *See* Tr. 196-208, 297-302, 382-87, 398-408.

[23] *See* Tr. 208, 244, 342, 386-87, 404-05, 408, 435.

### III. Testimony of Plaintiff's Mother

Plaintiff argues that the ALJ erred in his treatment of the testimony Plaintiff's mother. In his decision, the ALJ noted that he carefully considered Plaintiff's mother's testimony in accordance with Social Security Ruling ("SSR") 06-03p. *See* SSR 06-03p (providing that an ALJ should apply the same factors used in evaluating opinion evidence from treating sources when evaluating opinion evidence from "other sources" or "non-medical sources"); *see also* 20 C.F.R. §§ 404.1527(d), 416.927(d).

Contrary to Plaintiff's argument, the ALJ properly evaluated Plaintiff's mother's testimony. In reaching his conclusion that Plaintiff's mother's testimony was entitled to little weight, the ALJ properly relied upon the fact that Plaintiff's mother was not an acceptable medical source and did not have a treating or other professional relationship with Plaintiff. *See* SSR 06-03p; *see also* 20 C.F.R. §§ 404.1527(d)(1)-(2), 416.927(d)(1)-(2). The ALJ also relied upon the fact that Plaintiff's mother's testimony was less than accurate because it was inconsistent with other evidence in the record. *See* SSR 06-03p; *see also* 20 C.F.R. §§ 404.1527(d)(4), 416.927(d)(4). Finally, the ALJ properly considered the potential motivations inherent in the close familial relationship between Plaintiff and his mother. *See, e.g.*, *Huston v. Bowen*, 838 F.2d 1125, 1132 (10th Cir. 1988). For these reasons, the court concludes that the ALJ did not err in his treatment of Plaintiff's mother's testimony.

## IV. Step Five

Plaintiff argues that the ALJ erred at step five of the sequential evaluation process by giving a hypothetical to the VE that did not reflect all of Plaintiff's limitations. That argument is without merit.

Plaintiff's argument is, in essence, an attempt to reargue the weight of evidence below. As the court has already noted, that is a futile tactic because this court will not reweigh the evidence before the ALJ. *See Madrid*, 447 F.3d at 790; *Rutledge*, 230 F.3d at 1174; *Eggleston*, 851 F.2d at 1247. Plaintiff asserts that the hypothetical given to the VE should have included certain limitations; however, the ALJ chose not to include those limitations in Plaintiff's RFC. Accordingly, the ALJ was not required to include them in the hypothetical given to the VE. *See Qualls v. Apfel*, 206 F.3d 1368, 1373 (10th Cir. 2000) ("The ALJ propounded a hypothetical question to the VE that included all the limitations the ALJ ultimately included in his RFC assessment. Therefore, the VE's answer to that question provided a proper basis for the ALJ's disability decision.").

In this case, the first hypothetical given to the VE includes all of the limitations the ALJ ultimately included in his assessment of Plaintiff's RFC. Accordingly, the court concludes that the ALJ did not err at step five with respect to the hypothetical given to the VE.

## **CONCLUSION AND ORDER**

The court concludes that all of Plaintiff's arguments fail. Accordingly, **IT IS HEREBY ORDERED** that the Commissioner's decision in this case is **AFFIRMED** in all respects.

**IT IS SO ORDERED**.

DATED this 23rd day of September, 2010.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge